UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Julio Prieto,

    Plaintiff,

v.

H & H Plumbing of South Florida, Inc.,
Kenneth W. Hedgecock,
Charles R. Humeston,
Barbara E. Hedgecock, and
J.K. Humeston,

    Defendants.

---

## WAGE AND HOUR COMPLAINT
## WITH DEMAND FOR JURY TRIAL

Plaintiff Julio Prieto, through undersigned counsel, avers:

### INTRODUCTION

1. Plaintiff, Julio Prieto, alleges that Defendants have failed to pay him all minimum wages and overtime pay he is owed, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110 *et seq*.

### JURISDICTION AND VENUE

2. Defendant H & H Plumbing of South Florida, Inc. (hereinafter "H&H") has transacted business in the Southern District of Florida, specifically in Palm Beach County and Broward County, Florida.

3. Most of the acts complained of herein have occurred at Defendants' offices in this District, specifically at 98 N.W. Spanish River Blvd., Boca Raton, FL 33431.

4. Therefore, this is a proper venue under 28 U.S.C. § 1391(b).

5. This Court has federal question jurisdiction under 28 U.S.C. § 1331 because this action arises under the laws of the United States of America, specifically the FLSA. This Court

1

has supplemental jurisdiction over the state law claims asserted herein pursuant to 28 U.S.C. § 1367.

## PARTIES

6. Plaintiff, **Julio Prieto**, is a person of the full age of majority and a resident of Miami-Dade County, Florida.

7. According to Sunbiz.org, the Florida Division of Corporations, the Defendant, **H&H,** is an active Florida For Profit Corporation located at 98 N.W. Spanish River Blvd., Boca Raton, FL 33431. That is also its principal address and mailing address listed with Sunbiz.org.

8. Also according to Sunbiz.org, its directors include: Kenneth W. Hedgecock (President), Charles R. Humeston (Vice President), Barbara E. Hedgecock (Secretary), and J.K. Humeston (Treasurer).

9. At all material times herein, H&H has operated the business in which Plaintiff worked.

10. At all material times herein, H&H has been an enterprise engaged in commerce pursuant to the FLSA. It has directed the terms, conditions, activities, duties, and responsibilities of Plaintiff's employment, and hence has been his employer under the FLSA.

11. At all material times herein, H&H has had annual gross receipts exceeding $500,000 and has employed one or more employees engaged in commerce.

12. At all relevant times herein, Defendant **Kenneth "Ken" W. Hedgecock** (President) has managed and directed the operations of H&H, has controlled the terms and conditions of Plaintiff's employment, and hence has been his employer pursuant to the FLSA and the FMWA.

13. At all relevant times herein, Defendant **Charles "Chip" R. Humeston** (Vice President) has managed and directed the operations of H&H, has controlled the terms and conditions of Plaintiff's employment, and hence has been his employer pursuant to the FLSA and the FMWA.

14. At all relevant times herein, Defendant **Barbara E. Hedgecock** (Secretary) has managed and directed the operations of H&H, has controlled the terms and conditions of Plaintiff's employment, and hence has been his employer pursuant to the FLSA and the FMWA.

15. At all relevant times herein, Defendant **J.K. Humeston** has managed and directed the operations of H&H, has controlled the terms and conditions of Plaintiff's employment, and hence has been his employer pursuant to the FLSA and the FMWA.
16. All Defendants have jointly operated and managed the business in which Plaintiff worked, and hence are his "employers" and/or "joint employers" under the FLSA and the FMWA.

## FACTS

17. H&H is a plumbing services company located at 98 N.W. Spanish River Blvd., Boca Raton, FL 33431.
18. At all relevant times herein, H&H has had at least 15 employees.
19. H&H employed Plaintiff as a plumber from approximately early May 2017 through late March 2018, directing the terms and conditions of his employment.
20. He was normally or frequently paid $23.00 per hour.
21. As a result of Plaintiff's job duties and responsibilities as a plumber, he was a non-exempt employee from overtime pay compensation requirements under the FLSA. He did not supervise other employees, did not hire or fire employees, did not have that authority, and was paid by the hour. These are hallmarks of a non-exempt employee.
22. Plaintiff frequently worked in excess of 40 hours per workweek, but was not paid "time and a half" for all hours over 40.
23. Plaintiff routinely performed work for which he was not paid. For example, the was not paid for preparatory ("prep") work in the first 30 minutes or so of each work day and was not paid for all travel time done for the employers' benefit.
24. Defendants failed to reimburse Plaintiff for many of items they caused or required him to purchase to perform plumbing services (e.g., pocket knife, caps, key, umbrellas, grinder wheel, rolls, tire plug kit, etc.).
25. Consequently, Plaintiff often was not paid minimum wages and overtime pay free and clear—these unreimbursed items decreased the actual minimum wages and overtime pay that he was paid, in violation of the FLSA and the FMWA.

<u>**COUNT 1 OF 15:**</u>
**MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;
JULIO PRIETO AGAINST H&H**

26. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
27. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff minimum wages for all hours worked.
28. Plaintiff regularly worked hours for which he was not compensated or under-compensated, in violation of the minimum wage provisions of the FLSA.
29. Defendant's violations of the FLSA were reckless or intentional.
30. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

### COUNT 2 OF 15:
### MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT;
### JULIO PRIETO VERSUS H&H

31. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
32. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendant was required to pay Plaintiff a lawful minimum wage.
33. However, Plaintiff routinely worked hours for which he was not properly compensated, in violation of the minimum wage provisions of the FMWA.
34. Defendant's violations of the FMWA were reckless or intentional.
35. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
36. Plaintiff demands a jury trial for all issues so triable.

### COUNT 3 OF 15:
### OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;
### JULIO PRIETO VERSUS H&H

37. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
38. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.
39. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which he was entitled.
40. Defendant's violations of the FLSA were reckless or intentional.
41. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

### COUNT 4 OF 15:
### MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT; JULIO PRIETO AGAINST Kenneth W. Hedgecock

42. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
43. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff minimum wages for all hours worked.
44. Plaintiff regularly worked hours for which he was not compensated or under-compensated, in violation of the minimum wage provisions of the FLSA.
45. Defendant's violations of the FLSA were reckless or intentional.
46. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

### COUNT 5 OF 15:
### MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT; JULIO PRIETO VERSUS Kenneth W. Hedgecock

47. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
48. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendant was required to pay Plaintiff a lawful minimum wage.

49. However, Plaintiff routinely worked hours for which he was not properly compensated, in violation of the minimum wage provisions of the FMWA.

50. Defendant's violations of the FMWA were reckless or intentional.

51. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

52. Plaintiff demands a jury trial for all issues so triable.

### COUNT 6 OF 15:
### OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;
### JULIO PRIETO VERSUS Kenneth W. Hedgecock

53. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.

54. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.

55. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which he was entitled.

56. Defendant's violations of the FLSA were reckless or intentional.

57. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

### COUNT 7 OF 15:
### MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;
### JULIO PRIETO AGAINST Charles R. Humeston

58. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.

59. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff minimum wages for all hours worked.

60. Plaintiff regularly worked hours for which he was not compensated or under-compensated, in violation of the minimum wage provisions of the FLSA.

61. Defendant's violations of the FLSA were reckless or intentional.
62. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 8 OF 15:
## MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT; JULIO PRIETO VERSUS Charles R. Humeston

63. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
64. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendant was required to pay Plaintiff a lawful minimum wage.
65. However, Plaintiff routinely worked hours for which he was not properly compensated, in violation of the minimum wage provisions of the FMWA.
66. Defendant's violations of the FMWA were reckless or intentional.
67. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
68. Plaintiff demands a jury trial for all issues so triable.

## COUNT 9 OF 15:
## OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT; JULIO PRIETO VERSUS Charles R. Humeston

69. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
70. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.
71. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which he was entitled.
72. Defendant's violations of the FLSA were reckless or intentional.

73. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 10 OF 15:
## MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT; JULIO PRIETO AGAINST Barbara E. Hedgecock

74. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
75. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff minimum wages for all hours worked.
76. Plaintiff regularly worked hours for which he was not compensated or under-compensated, in violation of the minimum wage provisions of the FLSA.
77. Defendant's violations of the FLSA were reckless or intentional.
78. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 11 OF 15:
## MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT; JULIO PRIETO VERSUS Barbara E. Hedgecock

79. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
80. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendant was required to pay Plaintiff a lawful minimum wage.
81. However, Plaintiff routinely worked hours for which he was not properly compensated, in violation of the minimum wage provisions of the FMWA.
82. Defendant's violations of the FMWA were reckless or intentional.
83. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
84. Plaintiff demands a jury trial for all issues so triable.

## COUNT 12 OF 15:
## OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT;
## JULIO PRIETO VERSUS Barbara E. Hedgecock

85. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
86. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.
87. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which he was entitled.
88. Defendant's violations of the FLSA were reckless or intentional.
89. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 13 OF 15:
## MINIMUM WAGES UNDER THE FAIR LABOR STANDARDS ACT;
## JULIO PRIETO AGAINST J.K. Humeston

90. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
91. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff minimum wages for all hours worked.
92. Plaintiff regularly worked hours for which he was not compensated or under-compensated, in violation of the minimum wage provisions of the FLSA.
93. Defendant's violations of the FLSA were reckless or intentional.
94. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

## COUNT 14 OF 15:
## MINIMUM WAGES UNDER THE FLORIDA MINIMUM WAGE ACT;
## JULIO PRIETO VERSUS J.K. Humeston

95. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
96. Pursuant to the FMWA, Fla. Stat. 448.110 *et seq.*, Defendant was required to pay Plaintiff a lawful minimum wage.
97. However, Plaintiff routinely worked hours for which he was not properly compensated, in violation of the minimum wage provisions of the FMWA.
98. Defendant's violations of the FMWA were reckless or intentional.
99. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all minimum wages, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.
100. Plaintiff demands a jury trial for all issues so triable.

### COUNT 15 OF 15:
### OVERTIME PAY UNDER THE FAIR LABOR STANDARDS ACT; JULIO PRIETO VERSUS J.K. Humeston

101. Plaintiff re-alleges and re-avers the allegations of paragraphs 1-25 as if fully set forth herein.
102. Pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, Defendant was required to pay Plaintiff overtime compensation for all hours over 40 in a workweek.
103. Plaintiff regularly worked over 40 hours during workweeks, without being paid all overtime pay to which he was entitled.
104. Defendant's violations of the FLSA were reckless or intentional.
105. Plaintiff is entitled to all damages in the premises from Defendant, and requests that judgment be entered in his favor and against Defendant for all overtime pay, liquidated damages, pre-judgment and post-judgment interest, costs, expenses, and attorneys' fees.

\* \* \*

### JURY REQUEST

106. Plaintiff demands demand a jury trial for all issues so triable.

\* \* \*

107. WHEREFORE, Plaintiff, Julio Prieto, prays that judgment be rendered in his favor for all damages in the premises, including minimum wages, overtime pay, liquidated damages, pre-judgment interest, post-judgment interest, attorneys' fees, costs, and expenses, and against Defendants, H & H Plumbing of South Florida, Inc., Kenneth W. Hedgecock, Charles R. Humeston, Barbara E. Hedgecock, and J.K. Humeston, individually, and jointly and severally.

Respectfully submitted:

s/ Steven F. Grover

_____
Steven F. Grover (FL Bar No. 131296)
Steven F. Grover, PA
507 S.E. 11th Ct.
Fort Lauderdale, FL 33316
Tel.: 954-290-8826
E-mail: stevenfgrover@gmail.com
*Plaintiff's Counsel*

Prieto.Complaint.031820